Your Honor, this case is in a fairly peculiar position. You requested simultaneous briefing on the constitutional issues raised in Appellant's informal brief. We challenged the statute as applied, and defendants in the Department of Justice challenged it on its face. But partially as a result of these conflicting briefings, there are two basic agreements that go really to the heart of the problem with the District Court's decision that appear in the briefs. First, all parties seem to agree that 1997 EE, if it's properly applied, leaves all remedies other than compensatory damages intact. Secondly, at least implicitly, all parties seem to agree that if there are no remedies available for constitutional violations, that, at the very least, raises serious constitutional concerns. Unfortunately, the way the District Court applied 1997 EE, it took away all of the plaintiffs' remedies for their Eighth Amendment violation allegations. They alleged, plaintiffs alleged in this case, that chronic and severe overcrowding led to conditions of confinement that violated the Eighth Amendment, including the denial of medical care. They asked for compensatory and nominal and punitive damages, as well as declaratory and injunctive relief. Despite the allegation of physical injury under the denial of medical claims — medical care claims, the District Court held that there were no physical injuries alleged in the conditions of confinement claims, and therefore dismissed the claims outright under 1997 EE. Since that time, this Court decided in Oliver v. Keller that 1997 EE applies only to compensatory damages. And therefore, here we are with the government — the California government, the Federal government, and this Court all agreeing with appellants that punitive damages, nominal damages, injunctive relief, and declaratory relief are all available. However, the District Court dismissed the case outright. Alito. That was pre-Oliver, though. Yes, it was. But this Court, in its holding in Oliver, said that it was merely observing that this is what 1997 EE did, and other circuit courts had already decided that it only applied to compensatory damages. So one result is simply to remand for reconsideration in light of Oliver, right? Yes, certainly. Certainly. That would take much of the fun out of these proceedings, I think. Yes, it would. But that certainly is an option. What's — what is wrong with — I mean, if Oliver is applied to this case, do we reach any constitutional issues? I think that if Oliver is applied to this case, you really don't need to reach any constitutional issues. I think also you don't need to reach any constitutional issues because plaintiffs did, in fact, allege injuries, and so there's simply just an error in applying 1997 EE at all, even to limit compensatory damages. I realize this isn't this case, but let's take the circumstance that would be involved in Helling, the secondhand smoke case, in which the Supreme Court said a risk of physical injury or health damage, even though there's no evidence of current physical injury, could constitute a claim under the Eighth Amendment. Is that claim cognizable under this statute, Anne Oliver, or not? It is definitely — this is the problem with the way the statute was interpreted. It definitely remains a cognizable Eighth Amendment violation, a cognizable Eighth Amendment claim, and this Court has specifically held, I believe in Oliver, that 1997 EE does not affect what is an Eighth Amendment claim and what is not. But the Supreme Court allowed a damage claim from that, and although it wasn't really articulated what that was, are we saying that you can file an injunction action, you can file a declaratory judgment action, you can file for nominal damage relief or punitive damage, but you can't file a claim for compensatory damages under a Helling theory, under the statute? Your Honor, I think that actually this — the Helling — the problem of Helling points out why this is vague, why this statute is vague qualitatively. It points to the problem of what is a physical injury and what is an emotional injury. In Helling, they were talking about fear, but part of the fear is that there is some physical injury already if you're inhaling smoke, and it — the fact of inhaling it now creates something in your body that makes it more likely that you will have health problems as a result later. So I think that's a very good example of where the physical, And arguably, under a Helling theory, you could say there's a sufficient nexus to a physical injury that maybe it passes, but let's take, then, the associated cases with Helling where there is a risk of harm that hasn't occurred. In other words, if you house someone with white supremacists or something, or in a situation where harm could occur but has not occurred, I guess under the statute you would say only nominal damages are available. You cannot receive damages even if proved for emotional harm. Is that the way you read it, as interpreted by Hollandburg? I think that probably would be the case, except to the extent that, let's say, you're put with a white supremacist and you're not white, and that causes high levels of anxiety, which then leads to hypertension. So there may be physical manifestations of that kind of tension. But you say that a sole claim for emotional injury would not be allowed under the statute. That's the only claim. I think it probably would. Okay. Compensatory damages probably wouldn't be available on that. Constitutional, under your theory, if that's true? Yes. I believe it is. I — there's a significant amount of law that allows for limitation of damages as long as there are some remedies available for constitutional violations. So even a nominal damage would be sufficient, in your judgment, under those facts, to sustain the constitutionality of the statute? Possibly, though I don't know that it would be appropriate to limit injunctive or declaratory relief either. Right. Your Honors, I believe actually most of my argument has come out. As applied, this statute was unconstitutional. You don't need to reach that question. There were injuries alleged, and Oliver has been decided in a way that shows that the district court's decision was not correct in dismissing the case. We ask that the dismissal be reversed and these claims be allowed to move forward. I'll reserve the rest of my time for that. Thank you. First. May it please the Court, my name is Thomas Patterson. I'm the Deputy Attorney General at the State of California, and I represent the State officials in this action. We're in an unusual posture here where it seems that on most points we're in violent agreement on what the constitutionality of the statute is. We also contend that on the face of the statute, it is constitutional. As applied, we agree that this Court's precedent should have permitted the plaintiff to go forward on his nominal damages, his punitive damages, and on his declaratory and injunctive relief claims. I'm sorry. I didn't quite get what you said. On the face of the Constitution, as applied, what? As applied, and according to this Court's precedent and Oliver v. Keller, the plaintiff should have been permitted to go forward on his nominal damages claim, his punitive damages claim, and his claims for injunctive and declaratory relief. So in essence, the State of California is confessing error. Yes, Your Honor. Under this Court's precedent, we take a slight issue on principle with this Court's precedent in another case called Lira v. Herrera, interpreting another provision of the Prison Litigation Reform Act, specifically administrative exhaustion. The language of each statute says specifically, no action shall be brought. And we interpret that provision to mean that the entire case should be dismissed if there is any improper claim in the suit. Because we have filed a petition for cert in Lira in order to maintain a consistent position, we do take some issue with this Court's decision also in Oliver. But mindful of the fact that the Court is going to be applying Oliver, we agree that the case should have been allowed to go forward on those other claims. Then you say this case, there are specific counts in the case. Which counts do you say should have been allowed to go forth? Well, the two counts that were dismissed under Section 1997ee were counts of, I'm sorry, Claim 1 and Claim 2. So to the extent that those were dismissed solely because they failed to comply with, in the district court's view, Section 1997ee, those claims should be allowed to go forward if they – if the plaintiff is seeking those other forms of relief, nominal, punitive damages, declaratory, and injunctive relief. All right. Now, there was the – as I understand it, the district judge was involved in his gatekeeping function and indicated that counts 3 and 6, there was sufficient and asked the State to respond to those, and the State received a summary judgment. I take it that the State believes that those should be affirmed? Yes, Your Honor. All right. Now, of course, we don't have all this before us, and it's a little difficult for us to sort it out, but we have to look at all of the counts that were involved, and we gave an order – entered an order indicating the State would have permission to comment. I take it that the State has become involved only on 3 and 6 through the district court and 1 and 2 through us. So we can rule on these others, but we wondered whether the State wanted to be heard even though you have not – I mean, we can ask for your written argument. You don't have to make it today. But we would like to know whether or not the State wants to be heard on the other issues. Some of them were dismissed with prejudice. Some were dismissed with leave to amend. Then the judge entered an order. We don't know what the judge intended to do with those that were dismissed without prejudice. There's no indication he's assessing a penalty against the defendant for failure to amend. There's just an order. And so it's sort of complicated, and we have to sort out the whole case. And we want to find out from you whether the State wants to be involved in that, or do you want us to slug it through our own, or do you want us to wait and ask you? Your Honor, the State would be pleased to provide additional briefing if that's what the court would like. The district court did provide bases for its dismissal under 1915A, the screening statute. Cited the well-known cases like Hudson v. Palmer and another precedent. I think that the district court's decisions were well-founded on those claims. To the extent that the court has particular questions about any of those dismissed claims, those that were dismissed on the merits, so to speak, I would be pleased to answer them to the extent I'm able. Okay. So what we have is the State relies on its brief in Counts 3 and 6 on the summary judgment motion. We've heard from you your position on 1 and 2, and you're quite willing to respond. If we have any issues, we need some help on the others if the Court directs you. Of course, Your Honor. Thank you. Okay.  Thank you. United States. May it please the Court. Teal Luthy Miller for the United States as intervener. I think in light of what's going on here this morning, the live constitutional issue in this case is actually quite narrow. The only remaining challenge, as I understand it, is a challenge to the statute as unconstitutionally vague. Could you pull that microphone closer to you, please? Of course. I'm sorry, Your Honor. Thank you. Is that better? That's better. Okay. For the reasons we set forth in our brief, we don't believe the statute is susceptible to a vagueness challenge. A claim that a statute is unconstitutionally vague is a claim that I was denied due process because I was required to do something or prohibited to do something in terms that were so unclear that I couldn't comply. A claim that a statute is vague is a claim that the process that is due to you is a hearing in court, which Mr. Myron got in the district court, in which he's getting here. So we don't think that the statute, to the extent there's any vagueness challenge, it wouldn't result in invalidation of the statute. It would result in construction of the statute. How do you define physical injury? I think physical injury is a term that is used in the common law of torts and in constitutional law all the time. It's some physical harm. Do you interpret physical injury to include a helling type of claim? Well, I think it depends on what the claim says. I can imagine three different claims under helling. I can imagine a claim, I have cancer now, which is clearly a physical injury. You can clearly bring emotional harm associated with that, even under Section 1977eE. My risk of cancer has been increased. There are two separate claims, my risk of cancer has been increased claims, I think we need to consider. The first is, my risk of cancer has been increased, causing me anxiety, stress, and tension. That, I think, is barred by Section 1997eE. The second is, my risk of cancer has been increased, and it is a physical harm that is ongoing right now, saying nothing about anxiety, stress, or tension. That doesn't implicate Section 1997eE, because it's not a claim for mental or emotional injury. It may be barred by helling or other principles of law if the plaintiff can't meet the standard of showing an unreasonable risk of harm such that society wouldn't tolerate. But it doesn't seek injuries for mental or emotional injury. If the Court has no further questions. I don't see any. Thank you very much. Thanks for coming out on such short notice. Oh, no problem. I appreciate it. Rebuttal? Your Honors, I'd just like to say one quick thing about the summary judgment, which is that under Rule 56F, plaintiffs should have been allowed a chance for discovery prior to any grant of summary judgment, and was there a 56F request? Not to my knowledge, but they were seeking discovery. And on 920 — on September — Under Rule 56, you have to tell the Court, look, they filed this motion. They say these facts are material and undisputed and uncontested, but I need to do discovery, and I need to do this specific discovery. Was that done? He did, in fact — he did, in fact, submit to the Court an affidavit talking about the discovery he wanted. Specific stuff. Specific stuff. He submitted — he submitted the discovery requests themselves. They can be found at ER 108, which is attached to his affidavit in opposition, which starts at ER 095. Additionally, he — the defendants in this case had asked him on September 26, 2002, for an extension of time to respond to his discovery requests until November 4th, and he granted that, and then defendants filed their motion for summary judgment in October while those requests were still outstanding. So I think that should be taken into consideration when considering the — whether or not to overturn the summary judgment motion as well, the summary judgment order. Thank you. Thank you. Your Honor, I just have one thing to do, but to — the number 56F was not mentioned, but the opposition for summary judgment did not indicate that he wanted to back up the affidavit attached to it. The affidavit was both attached to it. It had one function. I didn't get a discovery, and I can't respond to the summary judgment. But he doesn't have to use the magic word, 56F. That's what it was. I understand the argument. Does the State — would the State like a brief response to this? I will make a brief response, Your Honor, and, of course, this is a bit outside of the scope of what the Court had asked for in argument today. But from my review of the papers that opposing counsel is discussing, I don't see, in my brief review, I don't see a request for particular discovery that would help prove particular points. As we know, Rule 56F asks the nonmoving party to distinguish exactly what points he hopes to prove by the discovery he's asking for. Okay. Thank you, Your Honor. Thank you. Thank both sides for their argument. Thank everyone for responding so quickly. And to pro bono counsel, tremendous work. I'm sorry you're going to get paid in heaven. I'm sorry we can't do anything for you now. And thanks to the United States and the State for responding so quickly. So quickly. We misdirected — our staff misdirected the order, and it got to you very late. But the statute requires us to let you know, and we were afraid this whole train would go off the tracks. It's only because of your cooperation that we're able to go forward, and we're The court stands adjourned.
judges: Wallace, Hawkins, Thomas